UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE WARD,<br><br>                    Plaintiff,<br><br>   - against -<br><br>COMPOUND ENTERTAINMENT LLC<br><br>                    Defendant. | Docket No. 1:18-cv-7268<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jesse Ward ("Ward" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Compound Entertainment LLC ("Compound" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American rapper and songwriter Bobby Shmruda in Court, owned and registered by Ward, a New York based professional photographer. Accordingly, Ward seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ward is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 3255 Shore Parkway, #3H, Brooklyn, New York 11235.

6. Upon information and belief, Compound is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 1755 Broadway, New York, New York 10019. Upon information and belief Compound is registered with the New York State Divisions of Corporations to do business in New York. At all times material, hereto, Compound has owned and operated a website at the URL www.Compoundent.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Ward photographed American rapper and songwriter Bobby Shmruda in Brooklyn Supreme Court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Ward then licensed the Photograph to the New York Daily News. On February 24, 2015 the New York Daily News ran an article that featured the Photograph entitled *Rapper Bobby Shmurda's Brooklyn gun possession charge officially becomes part of conspiracy case.* See URL http://www.nydailynews.com/new-york/nyc-crime/bobby-shmurda-brooklyn-gun-case-moved-manhattan-article-1.2127605.  Ward's name was featured in a gutter credit identifying his

as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.  Ward is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-079-495.

**B.  Defendant's Infringing Activities**

11. Compound ran an article on the Website titled *Bobby Shmurda Reportedly Involved in Gang-Related Jail Brawl.* See URL: http://compoundent.com/music-news/bobby-shmurda-reportedly-involved-in-gang-related-jail-brawl. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Compound did not license the Photograph from Plaintiff for its article, nor did Compound have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST COMPOUND)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Compound infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Compound is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST COMPOUND
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "Jesse Ward" and placed it on its Website without the gutter credit.

22.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Compound violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Compound's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Compound intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Compound also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Compound as alleged herein, Plaintiff is entitled to recover from Compound the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Compound because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Compound statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Compound be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Compound be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 11, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

 Tel: (516) 233-1660
 RL@LiebowitzLawFirm.com

 *Attorneys for Plaintiff Jesse Ward*