UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE WARD,<br><br>                      Plaintiff,<br><br>- against -<br><br>COMPOUND ENTERTAINMENT, LLC<br><br>                      Defendant. | Docket No. 18-cv-07268 (PGG)<br><br>**STATEMENT OF DAMAGES** |

I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.  I am lead counsel for plaintiff Jesse Ward ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2.  I submit this declaration in support of Plaintiff's application for entry of default judgment against Compound Entertainment, LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

3.  Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of rapper Bobby Shmurda (the "Photograph").

4.  Plaintiff's claim for unlawful removal of copyright management information under 17 U.S.C. § 1202(b) is based on Defendant's knowing removal of Plaintiff's attribution from the Photograph.

5.      For violation of 17 U.S.C. § 501, Plaintiff seeks $3,000 in actual damages and/or infringers' profits for copyright infringement.

6.      For violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000 in statutory damages under 17 U.S.C. § 1203(c)(3)(B).

**Actual Damages for Count I: Copyright Infringement**

7.      **Plaintiff's Lost Licensing Fees.** An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001). The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165; accord *Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'") Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission. Plaintiff estimates that she would have been entitled to charge up to $1500.00 for use of the Photograph in the manner used by Defendant.

8.      **Defendant's Ill-Gotten Gains.** Because Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph. Accordingly, all inferences should be drawn against it. The Second Circuit has ruled that an award of actual damages in a copyright infringement case "should be broadly construed to favor victims victims of infringement." *On Davis,* 246 F.3d at 164 (citing, *inter alia,* William F.

Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v. Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

9. Under the circumstances describe above, a $5,000 award is justified for Count I.

**Statutory Damages for Count II: Removal of Copyright Management Information**

10. The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B).

11. Courts in this District have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA. *See Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. Dec. 10, 2018) ("Defendant shall pay $10,000.00 in statutory damages as civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)"); *Martinka v. Diario De Mexico USA, Inc.*, 18-cv-1993 (AT) (S.D.N.Y. June 27, 2018) (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. June 25, 2018) (awarding "$10,000 in civil penalties for improper

removal of copyright management information" in violation of 17 U.S.C. § 1202(b)) [True and correct copies of the *Hirsch, Martinka* and *Myeress* orders are attached hereto as Exhibit A].

Dated: May 14, 2019
Valley Stream, New York

                                              Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Jesse Ward*