UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE WARD,<br><br>                       Plaintiff,<br><br>- against -<br><br>COMPOUND ENTERTAINMENT, LLC<br><br>                       Defendant. | Docket No. 18-cv-07268 (PGG)<br><br>**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff Jesse Ward ("Plaintiff"), via counsel, respectfully submits this proposed findings of fact and conclusions of law in support of his application for default judgment pursuant to Fed.R.Civ.P. 55(b)(2).

**PROPOSED FINDINGS OF FACT**

1. Plaintiff is a professional photojournalist who, at all relevant times, worked as a freelance photographer for the New York Daily News.

2. Plaintiff took a photograph of rapper Bobby Shmurda during his appearance in court as a criminal defendant (the "Photograph").

3. The Photograph was initially published in the New York Daily News on February 24, 2015 in an article entitled *Rapper Bobby Shmurda's Brooklyn gun possession charge officially becomes part of conspiracy case* and included a "gutter credit" which attributed the Photograph to Plaintiff.

4. Subsequent thereto, Defendant Compound Entertainment, LLC ("Defendant"), a media company, re-published the Photograph on its website www.compoundent.com (the

"Website") in an article entitled *Bobby Shmurda Reportedly Involved in Gang-Related Jail Brawl*. Defendant also removed Plaintiff's attribution from the Photograph as it was displayed on the Website.

5. Defendant did not license the Photograph from Plaintiff for its posting, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on the Website.

6. The infringement was not discovered by Plaintiff's counsel until August 2018 and Plaintiff did not know, nor any had any reason to know, that his work was being infringed by Defendant until such time as my law office discovered the infringement.

7. Plaintiff estimates that he would have been entitled to charge up to $1500.00 for use of the Photograph in the manner used by Defendant.

8. Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered work.

9. Plaintiff's claim for unlawful removal of copyright management information under 17 U.S.C. § 1202(b) is based on Defendant's knowing removal of Plaintiff's attribution from the Photograph.

10. The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action.

11. On August 14, 2018, a copy of the summons and complaint was served on Defendant via the office of the Secretary of State of New York. [Certificate of Service, Dkt. #8] The deadline to file an answer or responsive pleading was September 5, 2018.

12. On December 6, 2018, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. # 11]

13. After the default was issued by the Clerk, Plaintiff's counsel investigated whether defendant is a member of the military by visiting the Department of Defense's Service Members Civil Relief Act website.

14. Defendant is an LLC, not an individual - and therefore not a servicemember.

15. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

16. For violation of 17 U.S.C. § 501, Plaintiff seeks $3,000 in actual damages for copyright infringement.

17. For violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000 in statutory damages.

18. Plaintiff also seeks $4037.50 in attorney's fees and $475.00 in costs pursuant to 17 U.S.C. § 1203(b)(5).

## CONCLUSIONS OF LAW

### A. Actual Damages for Count I: Copyright Infringement

19. **Plaintiff's Lost Licensing Fees.** An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001). The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165; accord *Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the

3

copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'")

20. Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission. Plaintiff estimates that he would have been entitled to charge up to $1500.00 for use of the Photograph in the manner used by Defendant.

21. **Defendant's Ill-Gotten Gains.** Because Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph. Accordingly, all inferences should be drawn against it. The Second Circuit has ruled that an award of actual damages in a copyright infringement case "should be broadly construed to favor victims victims of infringement." *On Davis,* 246 F.3d at 164 (citing, *inter alia,* William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v. Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

22. Under the circumstances describe above, a $3,000 award is justified for Count I.

**B.** **Statutory Damages for Count II: Removal of Copyright Management Information**

23. The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B).

24. Courts in this District have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA. *See Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. Dec. 10, 2018) ("Defendant shall pay $10,000.00 in statutory damages as civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)"); *Martinka v. Diario De Mexico USA, Inc.*, 18-cv-1993 (AT) (S.D.N.Y. June 27, 2018) (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. June 25, 2018) (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)) [True and correct copies of the *Hirsch, Martinka* and *Myeress* orders are attached hereto as <u>Exhibit A</u>].

**C.** **<u>Attorneys' Fees and Costs</u>**

25. Plaintiff seeks $4037.50 in attorneys' fees and $475.00 in costs under 17 U.S.C. § 1203(b)(5).

26. Plaintiff's counsel, Richard Liebowitz, is the founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos. He graduated from the Maurice A. Deane School of Law at Hofstra University in 2015 and has personally filed over 1000 copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016. Mr. Liebowitz has thereby developed an expertise in the field. His hourly rate is $425/hr.

27. Liebowitz's hourly rate of $425 is "well below what other courts in this district have found as reasonable" for partners. *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 14-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases approving partners' hourly rates of $400 to $735); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving hourly rates of $650 and $600 for partners specializing in intellectual property litigation); Diplomatic Man, 2009 WL 935674, at **5-6 (approving partners' hourly rate of $650); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2484 (PKC), 2007 WL 1989292, at *2, 4 (S.D.N.Y. July 6, 2007) (approving hourly rates greater than $500 for experienced copyright litigators).

**Statement of Fees**

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 8/11/18 | • Review case file in preparation for filing; conduct due diligence re: copyright registration, licensing history and defendant's infringing merchandise | 2.5 | $1062.50 |
|  | • Draft and file complaint | 1.5 | $637.50 |
| 8/13/18 | • Process service of summons and complaint | 0.5 | $212.50 |
| 12/5/19 | • Draft request for entry of default | 0.5 | $212.50 |
| 5/14/19 | • Draft motion for default judgment, including attorney declaration | 4.5 | $1912.50 |

| Date | Description of Services | Time | Total |
|---|---|---|---|
| **Total** | | 9.5 | **$4037.50** |

**Costs**

| Date | Description | Total |
|---|---|---|
| 8/11/18 | Court filing fee | $400.00 |
| 8/14/18 | Personal service fee | $75.00 |
| **TOTAL** | - | **$475.00** |

28. No part of the Judgment sought has been paid, other than as indicated in the present motion.

Dated: June 25, 2019
Valley Stream, New York

                                                  Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Jesse Ward*