UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSE WARD,

                Plaintiff,

- against -

COMPOUND ENTERTAINMENT LLC,

                Defendant.

**ORDER**

18 Civ. 7268 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jesse Ward, a professional photographer, brings this copyright action against Defendant Compound Entertainment LLC ("Compound"), alleging that Defendant displayed one of his copyrighted photographs on its website without his permission, license, or payment.  (Cmplt. (Dkt. No. 1))  This Court has entered a default judgment against Defendant, and Magistrate Judge Barbara Moses has submitted a Report and Recommendation ("R&R") recommending that Plaintiff be awarded $2,500 in statutory damages under the Digital Millennium Copyright Act (the "DMCA") and $3,025 in attorneys' fees and costs.  (R&R (Dkt. No. 29) at 1)  For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

        On or before February 24, 2015, Ward "photographed American rapper and songwriter Bobby Shm[ur]da in Brooklyn Supreme Court."  (Cmplt. (Dkt. No. 1) ¶¶ 1, 7 & Ex. A ("the Photograph"))  Ward "is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph," which "was registered with the United States Copyright Office."  Ward licensed the Photograph to the New York Daily News, which published it on February 24, 2015 along with a Ward's name in a "gutter credit" below the

1

Photograph.  (Id. ¶ 8 & Ex. B)

Compound is a domestic limited liability company with a place of business in New York City, which "[a]t all times material . . . owned and operated a website at the URL www.Compoundent.com (the 'Website')."  (Id. ¶ 6)  Compound used the Photograph in an article on the Website without crediting Plaintiff.  (Id. ¶ 11 & Ex. C ("the Infringing Article"))  According to Plaintiff, "Compound did not license the Photograph from Plaintiff for its article, nor did Compound have Plaintiff's permission or consent to publish the Photograph on its Website."  (Id. ¶ 12)

The Complaint was filed on August 11, 2018, and alleges claims under the Copyright Act, 17 U.S.C. §§ 106, 501, and the DMCA, 17 U.S.C. § 1202(b).  Plaintiff claims that Defendant violated the Copyright Act by reproducing and publicly displaying the Photograph on its Website without permission or a license.  (Id. ¶¶ 13-19)  Plaintiff further claims that Defendant violated the DMCA by copying the Photograph from the New York Post – "which contained a gutter credit underneath the Photograph stating 'Jesse Ward'" – and by placing the Photograph on Compound's own Website "without the gutter credit." (Id. ¶¶ 20-27)

On August 14, 2018, Plaintiff served Compound via the New York Secretary of State.  (Dkt. No. 8)  Compound has not appeared, answered, or otherwise responded to the Complaint.  (R&R (Dkt. No. 29) at 3)  On December 6, 2018, the Clerk of Court filed a certificate of default against the Defendant, confirming that "defendant[] has not filed an answer or otherwise moved with respect to the complaint herein."  (Dkt. No. 11 at 1)

On May 21, 2019, this Court issued an order to show cause for a default judgment, setting a hearing for May 30, 2019.  (Dkt. Nos. 17, 21)  Defendant was served with these orders on May 22, 2019 and May 30, 2019.  (Dkt. Nos. 18, 19, 22)  On June 11, 2019, this

Court entered an order of default against Defendant and referred the case to Magistrate Judge Barbara Moses for an inquest into damages.  (Dkt. Nos. 23, 24, 25)

Plaintiff submitted his Proposed Findings of Fact and Conclusions of Law on June 25, 2019, seeking "$3,000 in actual damages for copyright infringement" under 17 U.S.C. § 501, "$10,000 in statutory damages" under 17 U.S.C. § 1202(b), and $4,037.50 in attorneys' fees and $475 in costs under 17 U.S.C. § 1203(b)(5).  (Pltf. Br. (Dkt. No. 26) ¶¶ 16-17)  Compound again failed to respond.  (R&R (Dkt. No. 29) at 4)

On April 27, 2020, Judge Moses issued a 17-page R&R, recommending that the Plaintiff "be awarded (a) statutory damages under the DMCA, 17 U.S.C. § 1203(c), in the amount of $2,500; and (b) attorneys' fees and costs under the DMCA, 17 U.S.C. § 1203(b)(5), in the amount of $3,025."  (Id. at 16)

In her R&R, Judge Moses notified the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 17)  The R&R further states that "[f]ailure to file objections timely objections will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))  Neither side has filed objections to the R&R.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

3

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Moses' R&R for clear error.

Judge Moses properly "conducted the inquest based solely upon the materials submitted by the plaintiff," because "neither party has requested a hearing on the issue of damages" and "defendant did not submit any written materials."  (R&R (Dkt. No. 29 at 4 (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); De Lage Landen Fin. Servs., Inc. v. Universal Wilde, Inc., 2019 WL 4195441, at *3 n.2 (S.D.N.Y. Aug. 15, 2019)))

Judge Moses correctly found that this Court has personal jurisdiction and venue over Compound, which is a New York limited liability company with its "principle place of business in Manhattan," and therefore "it is amenable to personal jurisdiction throughout the state."  (Id. at 5-7 (citing Corporation & Business Entity Database, New York State Dep't of State – Division of Corporations, https://www.dos.ny.gov/corps/bus_entity_search.html (last visited April 27, 2020); Contact, Compound Entertainment, http://compoundent.com/contact (last visited April 27, 2020)))

4

Judge Moses also correctly determined that the record reflects adequate service of process in this case in accordance with Federal and New York statutory law. (Id. at 6) "New York law permits service on a domestic limited liability company by personal delivery of the required papers (together with the statutory fee) to the Secretary of State . . . in Albany, New York." (Id. (citing N.Y. Limit. Liab. Co. L. § 303(a)))

Judge Moses correctly found defendant liable under the Copyright Act because it "infringed [P]laintiff's rights in the Photograph by copying, publishing, and displaying an unauthorized copy of it on Compound's Website." (Id. at 8) However, Judge Moses recommends that this Court deny Plaintiff's request for damages under 17 U.S.C. § 504(b), finding that

> Plaintiff has not submitted any admissible evidence in support of his claim for actual damages under § 504(b). His estimate that the Photograph has a fair market value of $1,500 (because he "would have been entitled" to charge "up to" that amount) is presented only in an unsworn document signed by his attorney, rather than in a declaration or affidavit sworn to by plaintiff himself, and for this reason alone does not constitute admissible evidence. Moreover, no factual basis is provided for the "estimate" that plaintiff "would have been entitled" to charge "up to" $1500 for the use of the Photograph.

(Id. at 12)

Judge Moses also notes that Plaintiff's attorney Richard Liebowitz "has repeatedly failed to submit admissible evidence in support of his clients' claims for actual damages." (Id.) Judge Moses' findings in this regard were reasonable, and the Court finds no error in her determination.

Judge Moses found defendant liable under the DMCA and recommends that this Court award Plaintiff $2,500 in statutory damages and $3,025 in attorneys' fees and costs. (Id. at 8, 13, 16):

> [T]o establish a violation under § 1202(b)(1), a plaintiff must show "(1) the existence of **[Spell it out here ("CMI")]** on the [infringed work]; (2) removal

5

>  and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." Banxcorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (collecting cases).  The plaintiff must also establish that the removal or alteration "was done knowing that it would induce, enable, facilitate, or conceal an infringement." Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 377 (S.D.N.Y. 2019). . . . [Plaintiff's allegations,] taken as true, establish the elements of a § 1202(b)(1) violation, including that Compound acted intentionally and that it knew, or had "reasonable grounds to know," that by removing the CMI it would "induce, enable, facilitate, or conceal" its copyright infringement. Cf. Craig v. UMG Recordings, Inc., 380 F. Supp. 3d 324, 338 (S.D.N.Y. 2019), reconsideration denied, 2019 WL 2992043 (S.D.N.Y. July 9, 2019). . . . After defendant removed plaintiff's CMI from the Photograph, it displayed the altered images on the Compound website, thereby violating § 1202(b)(3) as well.

(Id. at 8-9)

Although Plaintiff seeks $10,000 in statutory damages under the DMCA (id. at 10), Judge Moses determined that, because "'Plaintiff's submissions supporting his request for statutory damages [were] bare-boned at best,'" Plaintiff should be awarded only $2,500 under the DMCA.  (Id. at 13 (citing Accord Pasatieri v. Starline Prods., Inc., 2020 WL 207352, at *6 (E.D.N.Y. Jan. 14, 2020))  This Court finds no error in Judge Moses' determination.  See Jerstad v. New York Vintners LLC, 2019 WL 6769431, at *3 (S.D.N.Y. Dec. 12, 2019) ("Because Plaintiff has provided no evidence that his photograph in this suit would have a greater market value . . . the record only supports a finding that $1,000 is the fair market value for licensing [p]laintiff's photograph.").

Finally, although Plaintiff seeks $4,037.50 in attorneys' fees and $475.00 in costs under the DMCA (R&R (Dkt. No. 29) at 11), Judge Moses determined that $3,025 is more appropriate.  (Id. at 16)  Plaintiff's claims "were neither frivolous nor objectively reasonable" **Is this supposed to be unreasonable?** and therefore "a modest award of attorneys" fees and costs is warranted.  (Id. at 14)  However, "the requested hours," at a rate of $425 per hour, "are excessive and must be reduced":

> [P]laintiff's submissions in this action mirror the papers that counsel has filed in many of the "over 1000 copyright infringement lawsuits" referenced in the Proposed Findings . . . . Second, as noted above, the original Complaint contains a number of drafting errors; the Proposed Findings are unsupported by any evidence establishing plaintiff's actual damages; and counsel failed to comply with this Court's order to provide proof that he served the Proposed Findings on Compound at its principal place of business.  Third, attorney Liebowitz's time records reflect that he spent time on various tasks, such as service of process, that could have been handled by a paralegal or clerk at a lower hourly rate . . . . However, I note that plaintiff's fee request is conservative in one respect: he does not request reimbursement for the hours expended by his counsel in connection with preparing and filing his (albeit deficient) inquest submissions.  I therefore conclude that plaintiff's requested hours should be reduced only moderately, from 9.5 hours down to 7.5 hours.

(Id. at 15-16)

This Court finds no error in Judge Moses' analysis.

This Court has otherwise reviewed Judge Moses' comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record."  Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

## CONCLUSION

For the reasons stated above, Judge Moses' R&R is adopted in its entirety.  Plaintiff is awarded $2,500 in statutory damages under the DMCA and $3,025 in attorney's fees and costs under the DMCA.

Dated: New York, New York
       August 3, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

7